OPINION
On October 2, 1987, appellee, David R. McNutt, pleaded guilty to one count of rape, in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition, in violation of R.C.2907.05(A)(3). He was subsequently sentenced by the Ashtabula County Court of Common Pleas to serve an indefinite term of incarceration of ten to twenty-five years on the count of rape, and a definite term of incarceration of two years on the count of gross sexual imposition, each count to run concurrently.
On May 13, 1997, the trial court issued a judgment entry indicating that it had received a recommendation from the Department of Rehabilitation and Correction ("DRC") that appellee be adjudicated a sexual predator. The trial court ordered the Ashtabula County Prosecutor to review the recommendation of the DRC and advise the court within sixty days whether the state believed it could present sufficient evidence to support a determination that appellee is a sexual predator. Appellant did not respond to the trial court's request.
By judgment entry filed February 5, 1998, the trial court, suasponte, determined that Ohio's version of Megan's Law was unconstitutional as applied to appellee. Appellant appealed, and, pursuant to this court's decision in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, the trial court's judgment dismissing the sexual predator proceedings is hereby affirmed on alternative grounds.
JUDGE ROBERT A. NADER
FORD, P.J.,
O'NEILL, J., concur.